## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **ELITE EDUCATION GROUP INTERNATIONAL, INC.,** 19375 Colima Road, Suite 2 Rowland Heights, CA 91748 | : : : : : | Case No.: Judge: |
| Plaintiff, | : : | |
| v. | : : : | **COMPLAINT WITH JURY DEMAND** |
| **ELITE EDUCATION GROUP INTERNATIONAL, LTD.,** Vistra Corporate Services Centre, Wickhams Cay II Road Town Tortola VG1110 Virgin Islands, British | : : : : : : : : : | |
| SERVE ALSO: Vistra (BVI) Limited Registered Agent Wickhams Cay II Road Town Tortola VG1110 Virgin Islands, British | : : : : : : : | |
| and | : : | |
| **QUEST HOLDING INTERNATIONAL, LLC,** 1209 N. University Blvd. Middletown, OH 45042 | : : : : : | |
| SERVE ALSO: Michael M. Guinigundo Registered Agent 5331 S. Gilmore Rd. Fairfield, OH 45014 | : : : : : : | |
| Defendants. | : : | |

Elite Education International Group, Inc. ("Elite") complains and alleges the following against Defendants Elite Education International Group, Ltd. ("EEIQ") and Quest Holding International LLC ("Quest") (EEIQ and Quest, together "Defendants").

## NATURE OF THE ACTION

1. This action arises from EEIQ and Quest's intentional and unlawful use of Elite's trademark.

## PARTIES

2. Elite is a California corporation with its principal place of business at 19735 Colima Road, Suite 2, Rowland Heights, California 91748.

3. Upon information and belief, EEIQ is a British Virgin Islands corporation that purports to provide services enabling Chinese students to attend university in the United States. EEIQ conducts business in Ohio, either directly or through its agents, including its subsidiary Quest.

4. Upon information and belief, Quest is an Ohio limited liability company, with its principal place of business at 1209 N. University Blvd., Middletown, Ohio 45042, and is a wholly-owned subsidiary of EEIQ. Quest, together with its parent company EEIQ, purports to provide services enabling Chinese students to attend university in the United States.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because it arises under the trademark and copyright laws of the United States. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a).

6. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interests and costs, and the parties have complete diversity of citizenship as Plaintiff is a citizen of California, and Defendants are citizens and residents of the British Virgin Islands and Ohio, respectively.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District.

8. This Court has personal jurisdiction over Quest because it is an Ohio limited liability company and its principal place of business is in Butler County, Ohio. This lawsuit also arises from Quest's actions in Butler County, Ohio.

9. This Court has personal jurisdiction over EEIQ because, either directly or through its agent, it transacts business in Ohio, contracts to supply service or goods in Ohio, and caused the tortious injury of trademark infringement in Ohio. This lawsuit also arises from EEIQ's actions in Ohio. Moreover, the Court's exercise of personal jurisdiction over EEIQ comports with due process.

**FACTS**

10. Elite has been operating its business since 1987.

11. The mark ELITE EDUCATIONAL INSTITUTE for "educational services, namely, providing tutoring and conducting preparation courses for college entrance examinations" was duly registered in the United States Patent and Trademark Office ("USPTO") under Registration No. 2,519,254, which issued December 18, 2001. A true and correct copy of Registration No. 2,519,254 is attached hereto as "Exhibit A" and incorporated by reference.

14. Elite is the exclusive licensee of the registered trademark "ELITE EDUCATIONAL INSTITUTE," and is thus the proper assignee of the right to enforce the mark. A true and correct copy of the exclusive license agreement is attached hereto as "Exhibit B" and incorporated by reference.

15. Registration No. 2,519,254 is prima facie evidence of the validity of the mark shown therein and Elite's exclusive rights thereto, and is constructive notice of ownership of the mark ELITE EDUCATIONAL INSTITUTE by Elite's exclusive licensor, all as provided by Sections 7(b) and 22 of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1072. As Registration No. 2,519,254 has achieved incontestable status under Section 15 of the Lanham Act, 15 U.S.C. § 1065, said registration is conclusive evidence of Elite's exclusive right to use the mark ELITE EDUCATIONAL INSTITUTE in commerce.

16. Since 1987, Elite has been extensively engaged in the business of providing college preparatory services for those students seeking admission to U.S. undergraduate programs, including teaching students to take standardized tests considered in college admissions such as TOEFL, SAT, and ACT, tutoring students in the regular school curriculum for grades 7-12, and advising and consulting with students and their parents to devise and implement admission strategies to their preferred undergraduate programs.

17. Elite has used the registered mark ELITE EDUCATIONAL INSTITUTE, and the unregistered marks ELITE EDUCATION and EEI, to identify the source and origin of its services since 1987.

18. Elite's services sold under the mark ELITE EDUCATION, ELITE EDUCATIONAL INSTITUTE, and EEI are recognized to be of the highest quality, and are offered for sale and sold, at physical locations in California, Nevada, Texas, and Virginia, as well as

4

internationally, and to all other locations including all fifty states in the United States through online services.

19. From 1987 to present, Elite's advertising and sale of services under the marks ELITE EDUCATION, ELITE EDUCATIOAL INSTITUTE, and EEI have been and are significant.

20. As a result of such substantial advertising and sales under the marks ELITE EDUCATION, ELITE EDUCATIONAL INSTITUTE, and EEI and the maintenance of premium quality standards relating thereto, the marks have become widely and favorably recognized by the general consuming public as distinctive indications of the origin of the services of Elite. The marks ELITE EDUCATION, ELITE EDUCATIONAL INSTITUTE, and EEI have become and are extremely valuable symbols of Elite, its high-quality services, reputation, and goodwill.

21. Defendants EEIQ and Quest provide, and purportedly intend to continue and expand, "study abroad services," which includes advising students on applications to U.S. universities, providing courses for college preparation and standardized testing, and other associated services.

22. Defendants' "study abroad services" extend to providing "concierge" services to students already attending a U.S. university, such as providing academic and career counseling and college-level tutoring.

23. In providing and offering to provide these "study abroad services," Defendants EEIQ and Quest act in concert in furtherance of the common goal of attracting more consumers of college preparation and consulting services.

24. EEIQ and Quest sell, offer to sell, and advertise their services in interstate commerce in the United States.

25.     Defendants provide these "study abroad services" using the ELITE EDUCATION mark, using the mark ELITE EDUCATION in their consumer-facing website, print, signage, banners, and other media used for identification, promotion, and advertising purposes.

26.     Defendants also use the EEI mark to provide these "study abroad services" in their consuming-facing website, print, signage, banners, and other media used for identification, promotion, and advertising purposes.

27.     Defendants participate in the U.S. financial market using the "EEI" mark by utilizing the ticker symbol "EEIQ" in NASDAQ to attract, solicit, and accept investment to raise its funding, and continuing to use the symbol EEIQ to identify themselves in NASDAQ.

28.     Defendants are not associated, affiliated, or connected with or authorized, endorsed or sanctioned by Elite. Further, Defendants' use of "Elite Education" and "EEI" in the manner alleged herein was and is without the consent or authority of Elite.

**FIRST CAUSE OF ACTION**
**(TRADEMARK INFRINGEMENT AGAINST ALL DEFENDANTS)**

29.     The foregoing paragraphs are incorporated by reference.

30.     As a cause of action and ground for relief, Elite alleges trademark infringement by all Defendants under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

31.     Notwithstanding Elite's well-known and prior common law and statutory rights in the mark ELITE EDUCATIONAL INSTITUTE, and, by extension, EEI and ELITE EDUCATION, Defendants, with at least constructive notice of Elite's federal registration rights under 15 U.S.C. § 1072, and long after Elite and/or its exclusive licensor established the rights in ELITE EDUCATIONAL INSTITUTE, and, by extension, EEI and ELITE EDUCATION, has adopted and used "Elite Education," "EEI," and "EEIQ" in this judicial district and in interstate commerce, in connection with and to identify their college preparation and consulting services.

32. Elite's marks ELITE EDUCATIONAL INSTITUTE, EEI, and ELITE EDUCATION have similar sound, meaning, and overall commercial impressions as Defendants' purported marks, such that confusion as to the source of the services offered under the marks is likely to result.

33. The initialism of Elite's mark EEI has a similar sound and overall commercial impression as Defendants' purported marks, such that confusion as to the source of the services offered under the marks is likely to result.

34. The parties' respective services offered and sold under the marks described herein are identical, and they move in similar channels of trade.

35. Defendants' use of "Elite Education," "EEI," and "EEIQ" in manner here in alleged, is likely to cause the public to believe, contrary to fact, that Defendants' educational and consulting services offered under the marks "Elite Education," "EEI," and "EEIQ" are sponsored, licensed and/or otherwise approved by, or are in some way connected or affiliated with Elite.

36. Defendants' services offered under the "Elite Education," "EEI," and "EEIQ" marks are likely to be marketed to, purchased, used or otherwise received by Elite's consumers and potential consumers of Elite's services. Such consumers, upon encountering, purchasing, using or otherwise receiving Defendants' educational consulting services, are likely to be confused and deceived and are likely to falsely believe in the existence of some association between Defendants or its services and Elite, all to the injury of Elite.

37. Defendants' use of the marks "Elite Education," "EEI," and "EEIQ," as set forth above, is likely to damage and materially diminish the value of Elite's marks and result in Defendants unfairly benefiting and profiting from the reputation and goodwill that is represented by Elite's marks.

38. Defendants' use of "Elite Education," "EEI," and "EEIQ" in the manner hereinabove alleged constitutes trademark infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law.

39. On information and belief, Defendants had actual knowledge of Elite's prior use of the mark ELITE EDUCATIONAL INSTITUTE when Defendants adopted and began using the "Elite Education," "EEI," and "EEIQ" marks in connection with their educational consulting services. On information and belief, Defendants have long known of the fact that the public associates the marks ELITE EDUCATIONAL INSTITUTE with the services of Elite, and Defendants have sought to capitalize on the goodwill engendered by the mark ELITE EDUCATIONAL INSTITUTE by adopting the identical mark "EEI" and the similar marks "Elite Education" and "EEIQ."

40. On information and belief, Defendants have engaged in the aforementioned, complained-of acts willfully, deliberately and with an entire want of care as would raise the presumption of conscious indifference to its consequences.

41. By reason of Defendants' acts alleged herein, Elite has and will suffer damage to its business, reputation and goodwill, and Defendants have and will enjoy profits to which they are otherwise not entitled, for which Elite is entitled to relief at law.

42. Unless enjoined by this Court, Defendants will continue to infringe the mark ELITE EDUCATIONAL INSTITUTE and by extension its initialism EEI, thereby deceiving the public and causing Elite immediate and irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Elite adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Elite's remedy at law is not adequate to compensate it for injuries threatened.

**SECOND CAUSE OF ACTION**
**(FALSE DESIGNATION OF ORIGIN AGAINST ALL DEFENDANTS)**

43. The foregoing paragraphs are incorporated by reference.

44. As a cause of action and grounds for relief, Elite alleges that Defendants have engaged in acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Defendants' use of the "Elite Education," "EEI," and "EEIQ" marks in the manner herein alleged constitutes a false designation of origin within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or deception as to the source, origin, authorization, sponsorship and/or approval of Defendants' educational consulting services with respect to the marks ELITE EDUCATIONAL INSTITUTE and Elite Education.

46. The nature and probable tendency and effect of Defendants' use of the "Elite Education," "EEI," and "EEIQ" marks in the manner herein alleged is to enable Defendants to confuse or deceive the public by misrepresenting the services offered for sale and sold under said mark, as sponsored, licensed and/or otherwise approved by, or are in some way connected or affiliated with Elite. Such conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47. On information and belief, Defendants' actions have been conducted intentionally and willfully, with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Elite and to improperly appropriate to itself the valuable trademark rights of Elite.

**THIRD CAUSE OF ACTION**
**(TRADEMARK DILUTION AGAINST ALL DEFENDANTS)**

48. The foregoing paragraphs are incorporated by reference.

49. As a cause of action and grounds for relief, Elite alleges that Defendants have

engaged in acts in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50. The unauthorized commercial use of "Elite Education," "EEI," and "EEIQ" by Defendants causes or is likely to impair and cause dilution of the distinctive quality of the ELITE EDUCATIONAL INSTITUTE mark and by extension its initialism EEI.

51. Defendants' diluting and unauthorized use of "Elite Education," "EEI," and "EEIQ" marks for its services jeopardizes the entire goodwill built up by Elite in its ELITE EDUCATIONAL INSTITUTE mark and its initialism EEI, causing irreparable injury to Elite for which Elite has no adequate remedy at law.

### FOURTH CAUSE OF ACTION
### (COMMON LAW UNFAIR COMPETITION AGAINST ALL DEFENDANTS)

52. The foregoing paragraphs are incorporated by reference.

53. By virtue of Defendants' act as alleged herein, Defendants have engaged in conduct which is contrary to honest, industrial and commercial practice and thus, has engaged in unfair competition, in violation of the common law.

54. Defendants' acts, herein alleged, are calculated to procuring an unfair competitive advantage by misappropriating the valuable goodwill developed by Elite at substantial effort and expense and represented by the mark ELITE EDUCATIONAL INSTITUTE and its initialism EEI.

55. On information and belief, Defendants have engaged in the aforementioned acts willfully and deliberately and with full knowledge of the mark ELITE EDUCATIONAL INSTITUTE, its initialism EEI, and Elite's rights therein.

56. Defendants will continue to compete unfairly unless restrained by this Court. As a result of Defendants' unfair competition, Elite will be unable to control the loss of the distinctive quality and reputation represented by the mark ELITE EDUCATIONAL INSTITUTE and will sustain still further damages in an amount difficult to ascertain.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Elite respectfully prays that:

1. The Court enter judgment declaring that:

   a. Defendants have infringed the mark ELITE EDUCATIONAL INSTITUTE under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and at common law;

   b. Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

   c. Defendants have violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

   d. Defendants have engaged in statutory unfair competition under California Business and Professions Code § 17200 et seq.;

   e. Defendants have engaged in unfair competition at common law; and,

   f. Defendants' acts of trademark infringement, false designation of origin and unfair competition were undertaken willfully and knowingly.

2. Defendants and each of their respective agents, employees, successors and assigns, and all others in privity or acting in concert therewith, be preliminarily and permanently enjoined from:

   a. Using the trademarks "Elite Education," "EEI," "EEIQ," and/or any other confusingly similar designation, alone or in combination with other words, phrases, symbols or designs, as a trademark, domain name component, or otherwise to market, advertise or identify Defendants' services or commercial activities;

   b. Otherwise infringing the marks EEI, and ELITE EDUCATIONAL INSTITUTE;

   c. Unfairly competing with Elite in any manner whatsoever or otherwise injuring its business reputation in the manner complained of herein;

   d. Engaging in any other conduct that causes or is likely to cause confusion, mistake or misunderstanding as to the affiliation, connection, association, origin, sponsorship or approval of Defendants' services with Elite, Elite's services or business, or its ELITE EDUCATIONAL INSTITUTE mark; and

11

  e. Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (a) through (d) above.

  3. Pursuant to 15 U.S.C. § 1118, Defendants each be ordered that all labels, signs, prints, packages, wrappers, receptacles, advertisements, electronic or computer files in their respective possession, custody or control bearing the mark "Elite Education", "EEI," or "EEIQ," or any reproduction, counterfeit, copy, or colorable imitation thereof and all plates, molds, matrices, and other means of making or reproducing the same, be delivered up to Elite and destroyed.

  4. Defendants each be required, within thirty (30) days after service of judgment, to file with this Court and serve upon Elite's counsel, a written report, under oath, setting forth in detail the manner in which they have complied with the Judgment.

  5. Defendants each be directed to pay Elite compensatory damages in an amount to be determined at trial for the injuries sustained by it in consequence of the acts complained of herein and that such damages be trebled because of the willful acts described herein.

  6. Defendants each be required to account for and pay to Elite all profits realized by it as the result of the acts complained of herein.

  7. Defendants each be required to pay to Elite both the costs of this action and the reasonable attorneys' fees incurred by Elite.

  8. Defendants each be required to pay pre- and post-judgment interest according to law.

  9. The Court award any available punitive and exemplary damages against Defendants each and in favor of Elite.

  10. Elite be granted such other, different and additional relief as this Court deems

equitable and proper.

## JURY DEMAND

Elite demands a trial by jury on all issues so triable.

Dated: April 5, 2022

>Respectfully submitted,
>
>*/s/ Heather M. Hawkins*
>Heather M. Hawkins (0078569)
>David P. Dornette (0098903)
>TAFT STETTINIUS & HOLLISTER LLP
>425 Walnut Street, Suite 1800
>Cincinnati, OH 45202
>Phone: (513) 357-9375
>Fax: (513) 381-0205
>hhawkins@taftlaw.com
>ddornette@taftlaw.com
>
>Ekwan E. Rhow (*pro hac vice* pending)
>Timothy B. Yoo (*pro hac vice* pending)
>Jong-min Choi (*pro hac vice* pending)
>BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
>1875 Century Park East, 23rd Floor
>Los Angeles, CA 90067-2561
>Phone: (310) 201-2100
>Fax: (310) 201-2110
>erhow@birdmarella.com
>tyoo@birdmarella.com
>jmchoi@birdmarella.com
>
>*Attorneys for Plaintiff Elite Education International Group, Inc.*